Richard S. Heller, J.
The claimants were the owners of approximately 75 acres of land located within the city limits of the City of Albany, New York, in what is known as the Pine Bush section. There are no buildings and the land is undeveloped except that on its southern border a trail, or a one-lane dirt road known as Lydius Street (Madison Ave.), runs from Rapp Road to Karner Road. There are also power lines within the right of way of Lydius Street. The land of claimants is one of the few remaining large tracts within the city limits.
*697 The State appropriated 19.054 acres of land of the claimants for the Thruway. The parcel appropriated is the center portion of claimants’ land and leaves 27.5 acres north of the Thruway and 28.5 acres south of the Thruway without any means of direct access from one parcel to the other.
Claimant Henry Veeder had successfully developed several properties in the Albany area and testified that he had purchased the 75 acres some years ago for the purpose of a housing development. His expert witnesses also testified that the best available use of the property would be for a housing subdivision. The State’s witnesses agreed that the best available use was for a subdivision, but differed greatly as to the type of development and the value of the property.
One thing that stands out in all of the testimony is the fact that to realize the values placed on the property by the claimants’ witnesses, a period of 10 years of improvement and progress along Lydius Street (Madison Ave.) must follow as an absolute certainty.
In other words, if the road were extended and if the sewers were built and if the utilities were extended and if the encroaching settlements now located on Rapp Road did not come closer to claimants’ land then, and only then, would the value- as placed by the claimants’ witnesses become a firm figure for the consideration of the court.
Claimant is entitled to the fair market value at the time of the taking and for any other damages suffered as a consequence of the taking.
It is the opinion of the court that the fair and reasonable market value of all the land owned by claimants at the time of the appropriation was $61,050. That after the appropriation the value of the remaining land was $29,100. The claimants have been damaged in the sum of $31,950.
The items of damage are as follows:
For the land appropriated......................$15,250
For the damage to north parcel of 27.5 acres....... 11,000
For damage to south parcel of 28.5 acres.......... 5,700
$31,950
Interest from May 14, 1953 to April 5, 1955 and from September 12, 1955 to the date of entry of judgment.
The claim has not been assigned.
The court viewed the premises.
Submit findings.